**Simon TINAJ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 07–2326–ag.**

United States Court of Appeals, Second Circuit.

Feb. 18, 2009.

Attorney General Michael B. Mukasey as the respondent in this case.

Andrew P. Johnson, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Russell J. Verby, Senior Litigation Counsel, Elizabeth A. Greczek, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Simon Tinaj, a native and citizen of Albania, seeks review of a May 14, 2007 order of the BIA affirming the October 17, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying Tinaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Simon Tinaj,* No. A78 927 563 (B.I.A. May 14, 2007), *aff'g* No. A78 927 563 (Immig. Ct. N.Y. City Oct. 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Tinaj failed to challenge the IJ's denial of his application for CAT relief in his appeal to the BIA, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of that relief. 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006); *Theodoropoulos v. INS,* 358 F.3d 162, 165–69, 174 (2d Cir.2004).

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008) (quoting section 1252(b)(4)(B)).

We find that substantial evidence supports the IJ's adverse credibility determination. First, the IJ found that Tinaj's testimony regarding whether he knew anyone at the April 1991 protest to be nonresponsive and evasive. Particular deference is given to such assessments of an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). Indeed, Tinaj testified alternately that he rode to the protest in a truck with twenty or thirty other people and that he knew one or two people in the truck, that his neighbors would discuss traveling together

to demonstrations and gatherings, that many people from his village traveled together, and that he initially left for the demonstration with his neighbors. Accordingly, the IJ did not err in finding that Tinaj's testimony regarding whether he knew anyone at the demonstration was non-responsive and evasive. *See* 8 U.S.C. § 1252(b)(4)(B).

Second, the IJ found that Tinaj "was not able to give a coherent answer to fairly simple questions about how he got" to the 1991 protest, which supported his adverse demeanor finding. The record shows that he was non-responsive, evasive, and incoherent when testifying about how he traveled to the 1991 protest. Indeed, Tinaj's testimony was non-responsive or evasive with respect to questions regarding who he traveled with to the protest, whether he traveled alone or with others, and whether people from his village traveled with him to the protest. *See Majidi*, 430 F.3d at 81 n. 1.

Third, the IJ found that Tinaj's testimony was evasive and hesitant when asked whether he went to the 1998 funeral of Mr. Azem Hajdari alone or with other party members. Tinaj was asked the question "when you went to Azem Hajderi's funeral who did you go with?" six times. As a result, substantial evidence supports the IJ's finding.

Fourth, the IJ noted that Tinaj "could testify in detail to the things that were stated in his asylum application, but could not speak coherently or responsibly to very easy questions" about matters that were not in his asylum application. The IJ correctly observed that Tinaj did provide details about his arrest and the demonstrations, which are events discussed in his asylum application. Tinaj failed, however, to testify coherently about simple issues such as how he traveled to the demonstration and funeral, and what happened to

other Democratic Party supporters from his village at these events.

Fifth, the IJ found implausible that "the police chose [Tinaj] out of all the different kinds of people they might have arrested [at the 1991 protest]." This implausibility finding was not impermissible, as the IJ based his finding on Tinaj's testimony using his "common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160 (2d Cir.2007).

Finally, the IJ found implausible that Tinaj did not know whether other party members from his village were also arrested in 1998. Specifically, the IJ asked Tinaj whether, at the first meeting after he was released from his 1998 arrest, if he had an opportunity to speak with fellow party members about his experiences. Tinaj responded, "[a]ll of Albania know what happened. I didn't need to explain to anyone what happened during the demonstration," and later, "[y]es, I told them what happened." This implausibility finding was not impermissible, inasmuch as the IJ inferred from Tinaj's testimony using his "common sense and ordinary experience" that it is implausible that one who discusses his politically charged arrest and detention with similarly situated village party members would not know if other people were arrested at the 1998 funeral. *Siewe*, 480 F.3d at 169; *see also Wensheng Yan*, 509 F.3d at 67.

Because the only evidence of a threat to Tinaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, we DENY the petitioner's pending motion for a stay of removal.